**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | )<br>) |
| Plaintiff, | )<br>)  3:16-cv-00203-RCJ-WGC |
| vs. | )<br>) |
| LEGEND TRAILS HOMEOWNERS' ASSOCIATION et al., | )  **ORDER**<br>)<br>) |
| Defendants. | ) |

This case arises out of a homeowners' association ("HOA") foreclosure sale. Pending before the Court is a motion for summary judgment.

**I.    FACTS AND PROCEDURAL HISTORY**

On or about November 1, 2005, Graham M. and Sonja J. Leonard gave Plaintiff Bank of America, N.A. ("BOA") a $372,600 promissory note ("the Note") in exchange for proceeds in that amount to purchase real property at 15505 Legend View Ct., Reno, Nevada, 89511 ("the Property"), as well as a first deed of trust ("the DOT") against the Property. (*See* Compl. ¶¶ 8, 14, ECF No. 1). Defendant Legend Trails Homeowners' Association ("the HOA"), through its agent Defendant Alessi & Koenig, LLC ("Alessi"), conducted an HOA foreclosure sale of the Property, selling it to Defendant LVDG LLC Series 126 ("LVDG 126") on August 15, 2013 for $18,153.00. (*Id.* ¶¶ 2, 15–28). On May 16, 2013, however, BOA had tendered a check to the HOA through Alessi for $1,755, which equaled nine months' worth of common assessments for

the Property. (*Id.* ¶ 26). LVDG 126 conveyed its interest in the Property to Defendant Thunder Properties, Inc. ("Thunder") on July 22, 2015. (*Id.* ¶¶ 2, 29).

BOA sued the HOA, Alessi, LVDG 126, and Thunder in this Court for: (1) quiet title (the HOA, LVDG 126, and Thunder); (2) violation of NRS section ("NRS") 116.1113 (the HOA and Alessi); and (3) wrongful foreclosure (the HOA and Alessi).[1] BOA has moved for offensive summary judgment.

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

---

1 The fourth claim for injunctive relief against Thunder is not an independent cause of action but a prayer for relief based on the quiet title claim, and no motion for preliminary injunctive relief has been filed.

an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court needn't consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the nonmoving party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even

where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

### III.  ANALYSIS

The Court grants offensive summary judgment to BOA for two independent reasons. First, Chapter 116's opt-in notice scheme is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment, *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1160 (9th Cir. 2016), and Defendants have adduced no evidence of constitutionally reasonable notice of the HOA sale to BOA, but only publication, which is constitutionally insufficient, *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983). Second, BOA has adduced unrebutted evidence that it tendered $1,755 (nine months' of assessments at $195 per month) to Alessi before the sale but that Alessi wrongfully rejected the tender. (*See* Ex. F, ECF No. 28-6). The superpriority piece of the HOA's lien was therefore extinguished before the HOA sale, the HOA proceeded on the subpriority piece of the lien, and the DOT, being senior to the subpriority piece of the lien, survived the sale. *See, e.g.*, *US Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-241, 2016 WL 4473427, at *6–8 & nn.2–3 (D. Nev. Aug. 24, 2016) (Jones, J.). Nor are LVDG 126 or Thunder bona fide purchasers for value. *See, e.g.*, *id.* at *9–10 & nn.4–5.

Unless BOA wishes to further pursue a declaration under *Shadow Wood Homeowners Assoc., Inc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) or *Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917 (Nev. 1977), or wishes to pursue its claims under NRS 116.1113 or the common law of wrongful foreclosure for the purposes of obtaining damages, there appears to be nothing left to determine in this case.

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 28) is GRANTED. Within fourteen (14) days, Plaintiff shall submit either a proposed form of judgment or a notice of its intent to prosecute the remaining claims.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

 _____
ROBERT C. JONES
United States District Judge